819 F.2d 289
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James O. GASKEY, Petitioner,
v.
BENEFITS REVIEW BOARD; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondent.
 No. 85-3630.
 United States Court of Appeals, Sixth Circuit.
 May 22, 1987.
 
 Before ENGEL and' NORRIS, Circuit Judges; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 James 0. Gaskey seeks review of an order of the Benefits Review Board of the United States Department of Labor, which affirmed the decision of the Administrative Law Judge, to deny him benefits under the Black Lung Benefits Act, 30 U.S.C. Sec. 901 et seq.
 
 
 2
 The A.L.J., pursuant to 20 C.F.R. Sec. 727.203(a)(2), invoked the interim presumption of total disability due to pneumoconiosis, but then went on to find that the presumption had been rebutted under 20 C.F.R. Sec. 727.203(b)(3), by evidence which established that the total disability did not arise in whole or in part out of coal mine employment.
 
 
 3
 On appeal, Gaskey contends that, because the A.L.J. found that he had engaged in coal mine employment for at least ten years and, since he believes he established the existence of pneumoconiosis by X-ray evidence, he would have been entitled to benefits had 20 C.F.R. Sec. 410.490 been utilized to determine the availability of an interim presumption, since that presumption would not be rebuttable under the facts of this case.
 
 
 4
 The Department of Labor defends the A.L.J.'s determination that X-ray evidence failed to establish the existence of pneumoconiosis. It also argues that the A.L.J. applied the proper interim presumption, and contends that the claimant may not raise this issue for the first time on appeal to this court.
 
 
 5
 In Kyle v. United States Department of Labor, No. 85-3535 (filed May 18, 1987), we held that, under circumstances similar to this case, it was proper to raise the issue of which regulations should be applied, since it would have been futile to raise the argument before the Department of Labor. We went on to hold that, in view of the admonition of 30 U.S.C. Sec. 902(f)(2) that the Secretary of Labor was not to promulgate regulations "more restrictive than the-criteria applicable to a claim filed on June 30, 1973," Kyle was entitled to have his claim to the benefit of an interim ' presumption considered in the context of 20 C.F.R. Sec. 410.490 since, as applied to his situation, the new regulations found at 20 C.F.R. Sec. 727.203 were more restrictive than the ones found in 20 C.F.R. Sec. 410.490, which applied to claims filed before July 1, 1973.
 
 
 6
 As best we can ascertain, Gaskey contends that, when a claimant has engaged in coal mine employment for at least ten years, and has established the existence of pneumoconiosis by X-ray evidence, then, under 20 C.F.R. Sec. 410.490(b), he is entitled to a presumption of total disability due to pneumoconiosis, which can be rebutted only by evidence that he is pursuing his usual coal mine work or comparable work, or is able to do so. 20 C.F.R. Sec. 410.490(c). Here, there was no such evidence. By contrast, while he would be entitled to the same presumption under 20 C.F.R. Sec. 727.203(a), that presumption can be rebutted where the evidence establishes that his disability did not arise in whole or part out of coal mine employment. 20 C.F.R. Sec. 727.203(b)(3). It was upon this rebuttal evidence that the A.L.J. denied benefits. It can be argued, then, that when Gaskey's circumstances are considered, the criteria found in 20 C.F.R. Sec. 727.203 are more restrictive than those found in 20 C.F.R. Sec. 410.490, and Gaskey therefore is entitled to the benefit of the unrebutted presumption under 20 C.F.R. Sec. 410.49 0.
 
 
 7
 The weakness in Gaskey's analysis is the fact that the A.L.J. disagreed with Gaskey's characterization of the X-ray evidence. Our review of this factual determination by the A.L.J. is limited to whether it was supported by substantial evidence. See Mosely v. Peabody Coal Co., 769 F.2d 357 (6th Cir. 1985). Because the A.L.J. based his finding on the negative reading of X-ray evidence by the only "B" reader involved, we are unable to say that the A.L.J.'s determination is not supported by substantial evidence. Accordingly, Gaskey was not entitled to a presumption grounded upon X-ray evidence.
 
 
 8
 The A.L.J. did find that Gaskey presented pulmonary studies that, when considered in combination with his coal mine employment of at least ten years, qualified him for the presumption under 20 C.F.R. Sec. 727.203 (a)(2). He then, as mentioned above, went on to find the presumption rebutted pursuant to 20 C.F.R. Sec. 727.203(b)(3), a finding which is also supported by substantial evidence. That same evidence of pulmonary studies would also give rise to a presumption under 20 C.F.R. Sec. 410.490(b)(1)(ii), in the case of a miner employed for at least fifteen years in underground or comparable coal mine employment. At best, Gaskey had eleven years of such employment.
 
 
 9
 Because Gaskey has been unable to demonstrate how the criteria of 20 C.F.R. Sec. 727.203, when applied to his circumstances, are more restrictive than those of 20 C.F.R. Sec. 410.490, and the A.L.J.'s findings and the Board's order are supported by substantial evidence, the Board's order is affirmed.